[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STAY COURT ACTION BECAUSE OF PENDING ARBITRATION
 FACTS
The facts as presented by the parties in the instant matter are complicated and appear to reflect serious personal animosity between the principles. For purpose of this memorandum, the court finds that the most involved principles are Terrace J. Moore and Daniel E. Carpenter.
It appears that Moore signed an agreement with John Hancock Mutual Life Insurance Company ("Hancock") on behalf of Help Resource Organization, Inc. ("HRO Inc."). Under that agreement Moore and his wife, Francine, were to work for Hancock in the reinsurance business. The Hancock agreement presented cash flow concerns to Mr. and Mrs. Moore. To alleviate those concerns, an agreement was entered with Carpenter which would essentially provide for Carpenter's infusion of cash during the period of performance under the Hancock agreement.
Carpenter intended to do business not as Health Resource Organization, Inc., but under the name Benistar Reinsurance Services Group, Inc. or Benistar Re. Carpenter and Moore asked John Hancock to allow the assignment from HRO, Inc. to Benistar but Hancock would not agree.
Before it became clear that the HRO, Inc./Hancock agreement could not be assigned, an agreement was entered into on Benistar's letterhead. The first paragraph of that agreement provides:
 This agreement is by and between Benistar Insurance Group, Inc. and Terrance Moore who will be hired to run Benistar CT Page 12754 Reinsurance Services Group, Inc. (hereinafter Benistar-Re).
That agreement further provides:
 Any and all disputes under this agreement which cannot be settled amicably between the parties shall first be submitted to arbitration. If this does not resolve the dispute then the matter shall be submitted to binding arbitration before the Hartford office of the American Arbitration Association or a suitable locally recognized arbitration organization. No party shall go to court regarding any issue regarding this agreement until all administrative remedies and arbitration have been exhausted.
 The parties evidenced their agreement to these provisions by their signatures below:
 The signature line is typed for Terrance Moore and what appears to be Mr. Moore's signature and for Benistar Insurance Group, Inc. and what appears to be Mr. Carpenter's signature.
There is some dispute between the parties concerning whether Mr. Carpenter ever signed the Benistar agreement. For purposes of this motion, the court is satisfied that the agreement was executed by Mr. Carpenter and by Mr. Moore.
Relying on the Benistar agreement Terrance J. Moore filed for arbitration against Benistar Insurance Group, Inc.
Subsequent to that filing, Health Resources Organization, Inc. filed a lawsuit against Terrance J. Moore and has moved to cite in Francine Moore as an additional defendant.
While the disputes between the parties are many and varied, the arbitration essentially concerns Carpenter's advancing of funds to Moore and Moore's remitting of monies received from John Hancock. The lawsuit is in multiple counts but essentially appears to have its factual underpinnings in a claim that Terrance and Francine Moore conspired to deny revenues to Health Insurance Organization, Inc. and set up a new organization to perform essentially the same services. While this court does not rule on the validity of the various counts, the claim in the lawsuit can perhaps be sufficiently understood as a claim of violation of fiduciary duty by eliminating a corporate CT Page 12755 opportunity.
 DISCUSSION
The starting point for an examination of the request for stay is found in Section 52-409 of the Connecticut General Statutes. That section provides in pertinent part:
 If any action for legal or equitable relief or other proceedings is brought by any party to a written agreement to arbitrate the court in which the action or proceeding is pending, upon being satisfied that any issues involved in the action or proceeding is referable to arbitration under the agreement, shall on motion of any party to the arbitration agreement stay the arbitration or proceeding until such arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration.
On the face of the documents and multiple affidavits that have been filed, the parties to the lawsuit are Health Resource Organization, Inc. as plaintiff and Terrance J. Moore and perhaps Francine Moore as defendant. The parties to the arbitration are Terrance J. Moore as claimant and Benistar Insurance Group, Inc. as respondent.
The court is convinced that the numerous corporations containing the name Benistar in their title are corporations wholly owned by Mr. Carpenter. It is clear that the original Moore/Carpenter agreement to implement the Hancock contract contemplated performance by Benistar Insurance Group, Inc. However, since the Hancock agreement had been entered into with Health Resource Organization, Inc. and since Hancock would not agree to an assignment, the principles were left with an implementing agreement referring to Benistar and a working agreement referring to Health Resource Organization, Inc. Essentially, in requesting the stay Moore argues that he was the agent for Francine Moore in signing the Benistar agreement. He further argues that Benistar Insurance Group, Inc. was the agent for Health Resource Organization, Inc. and thus, Moore would have the court make both Francine Moore and Health Resource Organization, Inc. parties to the Benistar agreement which contains the arbitration provision. CT Page 12756
While the court has spent considerable time examining the arguments of the parties and numerous lengthy affidavits, the court simply does not believe that Health Resource Organization, Inc. or Francine Moore were parties to the arbitration agreement. While the law favors arbitration it is equally true that only a person who has agreed to arbitrate, individually or by agent, may be bound to arbitration.
 CONCLUSION
Because in the opinion of the court Health Resource Organization, Inc. has not agreed to arbitration, either individually or by agent, the court refuses to stay the arbitration pursuant to the mandatory provisions of Section52-409. Further the court declines to stay the arbitration pursuant to its common law discretionary authority.
The motion for stay is denied.
Booth, J.